## ROCOUR v MILLER CARTAGE CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9429. Decided June 10, 1929

Bernsteen & Bernsteen, Cleveland, for Racour.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland for Cartage Co.

VICKERY, PJ.

Now while the defendant did not plead contributory negligence in the usual form, the doctrine of contributory negligence was brought into the case by the evidence, and under the authorities of this court and the Supreme Court, where contributory negligence is brought into a case either through the pleadings and evidence, or by the evidence alone, it is the duty of the trial court to charge on the question of contributory negligence; and so the court did charge on negligence and contributory negligence, and in the main the court properly charged. He told the jury that if the plaintiff's evidence showed that he was guilty of contributory negligence, the burden was upon him to remove that presumption so they would start out equal and then he charged that the burden of proof to show contributory negligence was upon the part of the defendant and he must show that by the preponderance of the evidence.

It is claimed, however, that there were inconsistent charges submitted to the jury on the question of contributory negligence and on the question of negligence itself. But upon reading the whole charge together, we do not think that it could have misled the jury in any way. The court did charge the jury that in order to have contributory negligence operate as a de-

fense, it must be shown that the plaintiff's negligence, however slight, contributed to the injury. We think that is the law, if such evidence tended proximately to help cause the injury, even though the defendant might have been guilty of negligence which proximately caused the injury. That is, if the two combined, if the two were concurrent,—the negligence of the plaintiff and the negligence of the defendant,—both proximately caused the injury, why, then, of course the plaintiff would not be entitled to recover, and we think that was fairly submitted to the jury, although the court may have used a little unhappy language to express his ideas.

The jury found for the defendant, and we cannot say that there is such error in the charge that would warrant a reversal of this case, nor can we say that it is so manifestly against the weight of the evidence that we would be warranted in disturbing it.

The verdict of the jury will, therefore, be affirmed.

Sullivan and Levine, JJ., concur.